# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-92-FDW

| | |
|---|---|
| **PATRICIA DIANE CLARK,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **JODY R. UPTON,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's *pro se* "Motion for Compassionate Release" that has been docketed in the instant case as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Petitioner pled guilty in the underlying criminal case to conspiracy to commit wire and mail fraud, wire fraud and aiding and abetting the same, and conspiracy to commit money laundering. (3:13-cr-163, Doc. No. 60). In the Judgment docketed on August 25, 2015, she was sentenced to 130 months' imprisonment for each count, concurrent, followed by two years of supervised release, and was ordered to pay a total of $642,032.15 in restitution. (Id.).

On July 28, 2018, Petitioner filed a "Brief in Answer to the Assistance U.S. Attorney's Brief to Vacate Restitution Order," that was docketed as a Motion to Vacate pursuant to 28 U.S.C. § 2255 and was opened in civil case number 3:18-cv-453. See (Id., Doc. No. 63). That case is still pending.

Petitioner filed the instant "Motion for Compassionate Release" in the United States District Court for the Northern District of Texas on January 17, 2019. (Doc. No. 1). The Texas court docketed the matter as a § 2241 habeas corpus petition and transferred it to this Court on

1

February 22, 2019, where it was opened in this § 2241 civil case. (Doc. Nos. 1, 6). Petitioner asks that the Court grant her compassionate release or home confinement under the First Step Act that went into effect on December 21, 2018 due to declining health, diabetes, stage-3 kidney failure, and back issues that require a walker. The 60-year-old Petitioner claims that she has asked the Respondent, Warden of Carswell Federal Medical Center, for relief that has not been answered in 30 days or more. See (Doc. No. 1 at 3). She has attached to her Motion/Petition the Application for Compassionate Release that she filed with the Warden of her current facility in which she seeks relief due to extraordinary or compelling circumstances pursuant to § 28 U.S.C. § 571.61[1] under 18 U.S.C. § 4205(g)[2] or § 3582(c)(1)(A).

Construing the *pro se* filing liberally, it appears that Petitioner is seeking relief under 18 U.S.C. § 3582 rather than § 2241. Section 3582(c)(1)(A) as amended by the First Step Act provides that the court may, upon the Bureau of Prisons' motion or the defendant's own motion after the defendant fully exhausted all administrative rights, reduce an inmate's term of imprisonment due to: (i) "extraordinary and compelling reasons warrant such a reduction;" or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and the BOP Director has determined that the defendant is not a danger to the safety of any other person or the community, and the reduction is consistent with applicable policy statements issued by the Sentencing Commission. A motion for sentence reduction is addressed to "the court," *i.e.*, the

---

[1] United States Code Title 28, Section 571.61 provides that an inmate may submit a request for compassionate release due to extraordinary or compelling circumstances to the warden.

[2] Section 4205(g), which was repealed effective November 1, 1987, provided that sentencing judges had the discretion to reduce a minimum term of imprisonment upon the recommendation of the BOP. See United States v. Booker, 543 U.S. 220, 300-301 (2005).

defendant's sentencing court. 18 U.S.C. § 3582(c)(1); see, e.g., United States v. Sisk, 2015 WL 13424464 (W.D.N.C. May 13, 2015) ("Section 3582(c)(1)(A) allows the sentencing court … to reduce an inmate's term of imprisonment…."). The Court will therefore instruct the Clerk of Court to docket the "Motion for Compassionate Release" in criminal case number 3:13-cr-163-FDW-1 as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c).

Even if the instant Motion was construed as a habeas corpus petition under 28 U.S.C. § 2241, no relief would be available. Section 2241 petitions are civil proceedings that address challenges to the execution of a federal sentence. See generally United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004). As such, Petitioner's request for relief under the First Step Act could arguably be construed as seeking relief under the First Step Act's amendment to the Federal Prisoner Reentry Initiative, 34 U.S.C. § 60541(g) under § 2241. See, e.g., Cavanaugh v. Johns, 459 Fed. Appx. 261, 261–62 (4th Cir. 2011) (addressing the applicability of the predecessor statute of 34 U.S.C. § 60541 under to § 2241). The amended statute authorizes the Attorney General to release some or all eligible elderly offenders and terminally ill offenders from Bureau of Prisons facilities to home detention under a pilot program. "Eligible elderly offenders" means "an offender in the custody of the Bureau of Prisons -- (i) who is not less than 60 years of age; (ii) who is serving a term of imprisonment that is not life imprisonment … and has served the greater of 10 years or 2/3 of the term of imprisonment to which the offender was sentenced…." 34 U.S.C. § 60541(g)(5)(A). Section 60541 only authorizes the Attorney General, and not the courts, to modify the method of imprisonment from a BOP facility to home confinement upon written request from either the Bureau of Prisons or an eligible elderly offender. See 34 U.S.C. § 60541(g)(1)(B). Therefore, even if Petitioner qualifies as an "eligible elderly offender," the Court lacks authority to provide relief under § 60541 and Petitioner's request for relief would be denied.

To the extent that Petitioner is attempting to seek review of the Bureau of Prisons' failure to grant hers request for compassionate release, such a decision is not reviewable under § 2241. See Crowe v. United States, 430 Fed. Appx. 484 (6th Cir. 2011) (affirming the denial of a § 2241 habeas petition because "federal courts have no authority to review or countermand the BOP's decision *not* to seek a compassionate release for an inmate."); United States v. Dowdell, 669 Fed. Appx. 662 (4th Cir. 2016) (affirming the denial of prisoner's motion to compel the BOP to move for compassionate release pursuant to § 3582(c)(1)(A) (2012) because the court cannot compel BOP to seek a discretionary sentence reduction); see, e.g., Meyer v. U.S. Bureau of Prisons, 2017 WL 3725613 (W.D.N.C. Aug. 29, 2017) (BOP's discretionary decision regarding whether or not to file a motion for compassionate release is judicially unreviewable); United States v. Sisk, 2015 WL 13424464 (W.D.N.C. May 13, 2015) (the court cannot compel BOP to make a request for release under § 3582(c)(1)(A)).

For the foregoing reasons, the Court construes the "Motion for Compassionate Release" as a motion for sentence reduction under § 3582(c) that will be docketed in case number 3:13-cr-163-FDW-1. To the extent Petitioner seeks habeas corpus relief under § 2241, the "Motion for Compassionate Release" is dismissed and denied for the reasons set forth in this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's *pro se* "Motion for Compassionate Release," (Doc. No. 1), is **DISMISSED** and **DENIED** to the extent is seeks habeas corpus relief under 28 U.S.C. § 2241.

2. The Clerk of Court is instructed to docket the "Motion for Compassionate Release" in criminal case number 3:13-cr-163-FDW-1 as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c).

3. The Clerk of Court is instructed to close this case.

Signed: February 27, 2019

Frank D. Whitney
Chief United States District Judge